FILED



**NOT FOR PUBLICATION**

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>     Plaintiff - Appellant,<br><br> v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a National Banking Association,<br><br>     Defendant - Appellee. | No. 08-17124<br><br>D.C. No. 5:07-cv-04052-JF<br><br><br>MEMORANDUM[*] |
| FINISAR CORPORATION, a Delaware corporation,<br><br>     Plaintiff - Appellant,<br><br> v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a National Banking Association,<br><br>     Defendant - Appellee. | No. 08-17761<br><br>D.C. No. 5:07-cv-04052-JF |

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>              Plaintiff - Appellee,<br><br>  v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a National Banking Association,<br><br>              Defendant - Appellant. | No. 08-17762<br><br>D.C. No. 5:07-cv-04052-JF |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted June 16, 2010
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and STOTLER, Senior District Judge.[**]

This is an attorney's fees dispute in which everyone is challenging everything. Finisar Corporation ("Finisar") challenges the district court's award of attorney's fees to its opponent, U.S. Bank Trust National Association ("USB"), as well as the amount of its own fee award. Not to be outdone, USB also challenges both the award of fees to its opponent and the amount of its own fee award. We affirm.

---

[**] The Honorable Alicemarie H. Stotler, Senior United States District Judge for the Central District of California, sitting by designation.

The district court did not err in holding that USB was entitled to reasonable attorney's fees under § 7.06 of the Indentures, which provides that Finisar

> covenants and agrees to pay or reimburse [USB] . . . upon its request for all reasonable expenses [or] disbursements . . . incurred or made by or on behalf of it in accordance with any of the provisions of this Indenture (including . . . the reasonable compensation and the expenses and disbursements of its counsel . . .) except any such expense, disbursement, or advance as may arise from its negligence or bad faith.

Because USB did not act negligently or in bad faith in issuing notices of default and in defending against Finisar's declaratory judgment action, it was entitled to recover its attorney's fees under § 7.06.

The district court did not abuse its discretion in awarding USB a lower amount than it requested in attorney's fees. Section 7.06 only entitles USB to "reasonable" attorney's fees, and the district court appropriately exercised its discretion in reducing the amount of USB's attorney's fees by about fifteen percent based on its finding that USB's persistence in litigating the declaratory judgment action in the face of mounting adverse (albeit non-binding) legal authority was "questionable at best." *See Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 517-18 (9th Cir. 2000) (district court has broad discretion to determine appropriate amount of attorney's fee award).

-3-

The district court correctly held that Finisar, as the prevailing party, was entitled to recover its own reasonable attorney's fees because California Civil Code § 1717 applied to § 7.06 of the Indentures. *See Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 556-57 (Ct. App. 2008) ("Actions for a declaration of rights based upon an agreement are 'on the contract' within the meaning of Civil Code section 1717." (quotation marks omitted)). Although the Indentures contained a "Governing Law" provision specifying that the Indentures were to be "governed by, and construed in accordance with, the laws of the State of New York," this provision did not bar the application of California Civil Code § 1717. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2); *ABF Capital Corp. v. Grove Props. Co.*, 23 Cal. Rptr. 3d 803, 808, 813 (Ct. App. 2005) (stating that California Civil Code § 1717 "reflects a fundamental public policy of th[e] state" and that "California has a materially greater interest in enforcing . . . the reciprocal attorney fees rule . . . than New York has in assuring the enforcement of New York law concerning attorney fees").

Finally, the district court did not abuse its discretion in awarding Finisar only those reasonable attorney's fees it actually incurred under California Civil Code § 1717. *See PLCM Group v. Drexler*, 997 P.2d 511, 519-20 (Cal. 2000).

AFFIRMED.

-4-